# EXHIBIT A



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

OWEN F SILVIOUS
Vs.
UNGAR'S FOOD PRODUCT INC.

C.A. No.   2010 CA 001795 B

## **INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JOHN M MOTT
Date: March 19, 2010
Initial Conference: 9:30 am, Friday, June 18, 2010
Location: Courtroom 112
500 Indiana Avenue N.W.
WASHINGTON, DC  20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

## SCR CIV FORM 1-A
### Notice and Acknowledgment for Service by Mail
### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

*Owen J. Silvious*
Plaintiff

V.

*Ungar's Food Products*
Defendant

Civil Action Number: 0001795-10

### NOTICE

To: Name *Ungar's Food Products*

Address *9 Bowman Place*

*Elmwood Park, NJ 07407*

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date) _03/22/10_.

_Midney Smith_                    _March 19, 2010_
Signature                         Date of Signature

### Acknowledgment of Receipt of Summons, Complaint and Initial Order

I received a copy of the summons, complaint and initial order in the above captioned matter at

(address) _____

_____      _____      _____
Signature                       Relationship to Defendant/Authority    Date of Signature
                                To Receive Service of Process

Form CV(6)-1590/Mar 97



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

OWEN F SILVIOUS
Vs.
UNGAR'S FOOD PRODUCT INC.

C.A. No.   2010 CA 001795 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JOHN M MOTT
Date: March 19, 2010
Initial Conference: 9:30 am, Friday, June 18, 2010
Location: Courtroom 112
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

OWEN F SILVIOUS

*Plaintiff*

vs.

Civil Action No. 0001795-10

SENSIBLE FOODS LLC
9 Boumar Place
Elmwood Park, NJ 07407

*Defendant*

Serve: Mr Jeff Cohen, Chief Operating Officer

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Owen F Silvious
Name of Plaintiff's Attorney

Owen F Silvious
16497077 FCI-2 Butner
Address
PO Box 1500

Butner, NC 27509
Telephone

By _____
Deputy Clerk

Date _____

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

OWEN F SILVIOUS
16497077 FCI-2 BUTNER
PO BOX 1500
Butner, NC 27509,

                Plaintiff,

v.                              Civil Action No_____
                                           0001795-10

UNGAR'S FOOD PRODUCTS INC.,
d/b/a DR PRAEGER'S SENSIBLE FOODS
9 Boumar Place
Elmwood Park, NJ 07407-2615

and                              NOTE: Person to be served for each of
                                      named defendant's is:
SEBSIBLE FOODS LLC.,              Mr Jeff Cohen, Chief Operating
d/b/a DR PRAEGER'S SENSIBLE FOODS  Officer.
9 Boumar Place
Elmwood Park, NJ 07407-2615,

                Defendant's.

## COMPLAINT

1. This is an action under the District of Columbia Consumer Protection Procedures Act, DC Code 28-3901 et seq., DC Code 28-3905(k)(1)(A), because defendant's violated a trade practice law of the Distrci of Columbia, (hereinafter referred to as DC or state), namely DC Code 3904(a) and (d) as more fully described herein. Plaintiff brings this action on behalf of himself and the "general public" for the maximum statutory fees under DC Code 28-3905(k)(1)(A).

2. Venue is proper in the District of Columbia because defendant's products were and are sold in the District of Columbia in retail outlets and on the internet under the website www.drpraegers.com.

3. Plaintiff is a "consumer" as that term is defeined in DC Code 28-3901(a)(2).

4. Each of the named defendant's was and is a "merchant" as that term is defined in DC Code 28-3901(a)(3).

5. Plaintiff is a legal resident of the State of Virginia and purchased defendant's products named herein in the District of Columbia between the period of May 30, 2000 and August 31, 2007.

6. Defendant Ungar's Food Products Inc., is a corporation organized under the laws of the State of New Jersey. Defendant Sensible Foods LLC, is a limited liability company organized under the laws of the State of New Jersey. Both defendant's have their principal place of business at 9 Boumar Place, Elmwoord Park, New Jersey 07407.

7. Both defendant's conduct business throughout the United States, including the District of Columbia through retailer's and through their website www.drpraegers.com.

8. Plaintiff alleges on behalf of himself and the general public that the following false and misleading statements that appeared on packages of certain products defendant's sold from May 30, 2000 through August 31, 2007 violated DC Code 28-3904(a) and (d) a trade practice law of the District of Columbia:

   a. The packaging for Dr Praeger's Frozen California Veggie Burger's stated that the product contained 4 grams of fat and 92 calories per serving, when in fact, the California Veggie Burger's contained nearly 9 grams of fat and almost 160 calories per serving.
   b. The packaging for Dr Praeger's Frozen Mex-Tex Veggie Burger's stated that the product contained 4 grams of fat and 92 calories per serving, when in fact, the Tex-Mex Veggie Burger's contained nearly 9 grams of fat and almost 160 calories per serving.
   c. The packaging for Dr Praeger's Broccoli Pancakes stated that the product contained 2 grams of fat and 40 calories per servng, when in fact, they contained neraly 4 grams of fat and more than 60 calories per serving.
   d. The packaging for Dr Praeger's Potato Pancakses stated that the product contained 2.5 grams of fat and 50 calories per serving, when in fact, they contained nearly 5 grams of fat and more than 60 calories per serving.

e. The packaging for Dr Praeger's Spinach Pancakes stated that the product contained 2 grams of fat and 40 calories per serving, when in fact, they contained more than 4 grams of fat and more than 60 calories per serving.

9. PLaintiff alleges that the Food and Drug Administration (FDA) directed defendant's to recall the products from the market because of the false misrepresentations pertaining to the fat and calories content on the nutrition label. Plaintiff alleges that more than 8 million of the mislabeled products were sold throughout the UNited States and the District of Columbia during the period stated herein.

10. Plaintiff alleges that independant testing of these products which defendant's marketed as foods that contribute to a healthy lifestyle revealed that the nutritional information on the products packaging misrepresented the fat and calories of those products in violation of DC Code 28-3904(a) and (d), which states,

"It shall be a violation of this chapter, whether or not any consumer is in fact misled, deceived or damaged thereby for any person to:
(a) represent that goods, or services have a source, sponsorship, approval, certification, accessories, characters, ingredients, uses, benefits, or qualtities that they do not have;
(d) represent that goods or services are of a particuler standard, quality, grade, style or model, if in fact they of another.

11. Plaintiff alleges that because defendant's misrepresented the fat and calories content of the products per serving, defendant's have definitely violated a trade practice law of the District of Columbia.

12. Plaintiff argues that under DC Code 28-3905 and case law decisions interpreting that statute, he does not have to ptove that he or any member of the general public were actually misled, deceived or damaged. Violation of the statute creates liability against defendant's. Under the current version of the statute, plaintiff acting on behalf of himself and the general public under DC Code 28-3905(k)(1)(A) does not even have to prove that he actually purchased the products. The statute does not require such proof. Prior to the amendment of the statute in 2000, a plaintiff had to have suffered an injury in fact. The DC Council removed that requirement in the 2000 amendment of the statute. Plaintiff discovered the above violations by a legal notice published in the USA Today Newspaper dated Febraury 17, 2009.

3

13. Plaintiff alleges that the term "general public" as used in this action mean individual's who are residents of the District of Columbia, individual's that worked in the District of Columbia and individual's that visited the District of Columbia during the period stated in paragraph 5 above. Under the statute, neither plaintiff or any member of the general public are required to prove that they actually purchased the products or that they were misled, deceived or damaged by the unlawful trade practice committed by defendant's. DC Code 28-3904. A violation of the Act creates liability against defendant's. The statute does not define the term "general public." See GRAYSON v. AT & T CORP, 980 A 2d 1137(DC Court of Appeals 2009); BREAKMAN v. AOL, LLC, 545 F. Supp. 2d 96(D.D.C. 2008).

14. Plaintiff argues that the number of members of the general public as defined in paragraph 13 is between 10,000 and 100,000 individuals.

## RELIEF DEMANDED

15. Plaintiff alleges that defendant's violated the statute twenty times (4 violations per package  X  5 products =  20 violations).

16. Plaintiff ask this court to award statutory fees of between $500.00 and $1,500.00 per violation namely between $10,000.00 and $30,000.00 per member of the general public, including plaintiff for a total award of between $5,000,000.00 and $150,000,000.00 in statutory fees against defendant's, individually, jointly and severally, plus attorney fees of not less than $500.00 per hour if plaintiff obtain's the services of an attorney, plus all costs, fees and expenses of the suit anf such other relief as the Court deems proper based on the fact's of this case.

17. Plaintiff demands judgment against defendant's of not less than $5,000,000.00, but not more than $150,000,000.00. Judgment to be jointly, individually and severally against defendants.

Respectfully submitted,

Owen F Silvious
16497077 FCI-2 Butner
PO Box 1500
Butner, NC 27509

Owen F. Silvious
Plaintiff/Pro Se

4

AFFIDAVIT

STATE OF NORTH CAROLINA )
COUNTY OF VANCE         )

Owen F. Silvious, being first duly sworn on oath deposes and say that the foregoing Complaint and facts stated therein are true and correct.

_____
Owen F Silvious
Plaintiff

Subscribed and sworn to before me this ___ day of March 2010.

_____
Notary Public

5