IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OWEN F SILVIOUS,

                Plaintiff,

v.                                    Civil Case No: 10-0639(JDB)

UNGAR'S FOOD PRODUCTS INC.,        (DC Superior Court No. CA-0001795)
d/b/a DR PRAEGER'S SNESIBLE FOODS  (Judge John Mott)
and
SENSIBLE FOODS LLC, d/b/a                **RECEIVED**
DR PRAEGER'S SENSIBLE FOODS,
                                                     MAY 2 4 2010

               Defendants.                      Clerk, U.S. District and
                                                           Bankruptcy Courts

MOTION TO REMAND

    Now comes plaintiff, Owen F Silvious and ask this Court to remand the above styled civil action back to the Superior Court of the District of Columbia because, (1) this court lacks jurisdiction, (2) the action was improperly removed to this court, (3) the action does not meet the requirements of a class action stated in 28 USC 1332(d). The Amended Pleading (Complaint) supersedes the original pleading and controls this action as the original complaint is a nullity, (4) defendant's Notice of Removal does not prove minimal diversity as required under 1332(d), (5) the action does not meet the definition of a class action as required under 1332(d), (6) defendant's failed to file the Notice of Removal within thirty days after receipt of the initial pleading.

    A Memorandum In Support of this Motion to Remand is attached.

    Plaintiff respectfully request this court to immediately remand this action back to the Superior Court of the District of Columbia for the reasons stated in the attached Memorandum.

Owen F Silvious                                     Respectfully submitted,
16497077 FCI-2 Butner
PO Box 1500
Butner, NC 27509                                      Owen F Silvious, Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OWEN F SILVIOUS,

            Plaintiff,

v.                                        Civil Case No: 10-0639(JDB)

UNGAR'S FOOD PRODUCTS INC.,      (DC Superior Court No. CA-0001795)
d/b/a DR PRAEGER'S SNESIBLE FOODS  (Judge John Mott)
and
SENSIBLE FOODS LLC, d/b/a
DR PRAEGER'S SENSIBLE FOODS,

            Defendants.

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

In support of his Motion to Remand this action back to the Superior Court of the District of Columbia, plaintiff states the following:

1. On April 23, 2010, defendants filed a Notice of Removal in this court. In defendants Notice of Removal, defense counsel states that plaintiff erroneously sued defendant's as "Ungar's Food Products Inc., d/b/a Dr Praeger's Sensible Foods and Sensible Foods LLC, d/b/a as Dr Praeger's Sensible Foods. Plaintiff alleges that statement is false. Looking at the Complaint and Defendaant's Answer diled in the Superior Court, there is no difference in the names of defendants. Plaintiff does not understand why defense counsel stated that plaintiff erroneously sued defendants in the wrong names. Plaintiff request that defense counsel explain this false statement.

2. On May 4, 2010, pursuant to Rule 15(a)(1)(B of the Federal Rule of Civil Procedures, plaintiff filed an Amended Pleading (Complaint) by depositing the same in the FCI-2 Butner internal mail system. See Certificate of Compliance. Under the prison mail box rule, all pleadings and motions are deemed filed and served when they are placed in the internal prison mail system for mailing. All Circuit Courts , the Supreme Court and the United States Court of Appeals for the District of Columbia have adopted that rule.

See BONACCI c. Comm. of Internal Revenue, 1991 US App. LEXIS 33078(DC Cir 1991), quoting HOUSTON v. LACK, 487 US 266, 108 S. Ct. 2379, 101 L Ed 2d 245(1988);   BAYLESS v. US PAROLE COMM, 1996 US Dist LEXIS 13693(DC DC 1996), quoting LEWIS v. RICHMOND CITY POLICE DEPT, 947 F 2d 733, 735-36(4th Cir 1991). See also CASANOVA v. DUBOIS, 304 F 3d 75, 79(1st Cir 2002); DORY v. RYAN, 994 F 2d 679, 682(2d Cir 1993); BURNS v. MORTON, 134 F 3d 109(3d Cir 1997); AREVALOV v. US, 238 Fed Appx. 869(3d Cir 2007); LEWIS v. RICHMOND CITY POLICE DEPT, 947 F 2d 733, 736(4th Cir 1991);   COOPER v. BROOKSHIRE, 70 F 3d 377, 380(5th Cir 1995);   RICHARD v. RAY, @() F 3d 810, 813(6th Cir 2002; EDWARDS v. US, 266 F 3d 756, 758(7th Cir 2001); SULIK v. TANEY, 316 F 3d 813, 815-16 (8th Cir 2003); HOSTLER v. GRAVES, 912 F 2d 11 8, 1160(9th Cir 1990); PRICE v. PHILPOT, 420 F 3d 1158, 1166(10th Cir 2005);   GARVEY v. VAUGHN, 993 F 2d 776, 782(11th Cir 1993). A copy of the Amended Pleading (Complaint was also mailed to defense counsel on same date as stated in the Certificate of Service. Filing and Service is complete upon mailing.

   3.   An Amended Pleading (Complaint under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it is subsequently modified. The orginal pleading is of no effect. As such the Amended Pleading (Complaint) filed in this action controls all decisions this court will make in the action in order to determine whether the court has jurisdiction. Rule 15(a)(a)(B) gives plaintiff the absolute right to amend his complaint before or after  a responsive pleading is filed. Any previous court decision which conflicts with this amended rule is a nullity pursuant to 28 USC 2071. All laws and court decisions in conflict with such amended rule shall be of no further force after such rule had take effect. The Federal Rules of Civil Procedures are "as binding as any statute duly enacted by Congress."  See IN RE JAMES, 444 F 3d 646, 647-48(DC Cir 2007), quoting SEC v. SELDEN, 484 F Supp 2d 105, 107-08(DC DC 2007), quoting BANK OF NOVA SCOTIA v. US, 487 US 250, 255, 101 S. Ct. 228, 101 L Ed 228, 237-38(1988);   ANDERSON v. USAA CAS INC CO, 218 FRD 307, 311-12(DC DC 2003), quoting WASHER v. BULLITT, 110 US 558, 562, 4 S. Ct. 249, 28 L Ed 249(1884); See also JAMES HURSON ASSOCS v. GLICKMAN, 229 F 3d 277, 282(DC Cir 2000); B & H MED LLC v. ABP ADMIN INC, 526 F 3d 257 (Note 8(6th Cir 2008); WOOTEN v. INFINIET PARTNERS, 2010 US Dist LEXIS 35916(WD NC 2010),stating,

2

"Amended pleading renders original pleading of no effect." Consequently, this court is required to look at the Amended Pleading (Complaint) to determine if this court has jurisdiction over this action. Plaintiff argues that this court does not have jurisdiction. Plaintiff has only plead claims under a state stautue.  The Amended Pleading (Complaint) was served  pursuant to Rule 5 of the Federal Rule of Civil Procedures. An amendment is subsequent to the filing of the original complaint and therefore falls squarely within that rule for service. EMPLOYEES PAINTERS TRUST v. ETHAN ENTERS., 480 F 3d 993(9th Cir 2006).

    4.   This action was not filed as a "putative" or "purported" class action as the term "class action" is defined in 28 USC  1332(d)(1)(B). It was not filed as a class action pursuant to Rule 23 of the Federal Rule of Civil Procedures or Rule 23 of the Superior Court Rule of Civil Procedures. The Court cann  direct plaintiff to go to the large expense of filing a class action complaint so the court can assume jurusdiction. There are specific requirements under Rule 23 that plaintiff must meet if he desires to file  a class action. For purposes of jurisdiction, the court must accept all of the well-pleaded factual allegations as true and draw all inferences from those allegations in favor of plaintiff.  See G. KEYS PC/LOGIS NP v. POPE, 630 F. Supp 2d 13(DC DC 2009); RWN GROUP LLC v. TRAVELERS INDEM. CO, 540 F Supp 2d 83, 90-91(DC DC 2008), "Removal statutes are construed narrowly and when a plaintiff and defendant clash about jurisdiction, uncertainities are to be resolved in favor of plaintiff."

    5.   Defendants quote several Congressional Vommittee Reports as for this court to use in determing whether this action should be classified as a class action.  However, Congressional Committee Reports cannot be used as a basis for this court to determine whether the actioln is or is not a class action. NAT'L ASS'N OF BROADCASTERS v. FCC, 569 F 3d 416, 422-23(DC Cir 2009), wherein the court stated, "Courts have no authority to enforce principles gleaned soley from legislative history that has no statutory reference point." SHANNON v. US, 512 US 573, 584, 114 S Ct 2419, 129  L Ed 2d 459(1994); IBEW, LOCAL UNION NO 474 v. NLRB, 814 F 2d 697, 708, 711-15(DC Cir 1987); MIEDEMA v. MAYTAG, 450 F 3d 1322, 1327-29(11th Cir 2006), stated "Statements in the legislative history of the Class Action Fairness Act (CAFA), Pub. L. 109-2, 119 Stat 4(2005),

standing alone, are insufficient basis for departing from the well established rule that district courts are to construe removal statutes strictly and resolve all doubts in favor of remand to state courts. CHAVIS v. FIDELITY WARRANTY SERVICES, 415 F Supp 2d 620, 626-629(SD SC 2006), "the action must have been filed as a class action. 28 USC 1332(d)(2), which states, "The district courts shall have original jurisdiction of any civil action in which the matter in controvesy EXCEEDS (emphasis added) the sum of or value of $5 million, excluded of interest and costs and "is a class action."(Emphasis added). See ANDERSON v. BAYER CORP, 2010 US Dist LEXIS 2630(SD IL 2010), stating "the court has no power to expand the scope of federal jurisdiction under the CAFA by decision." See also WEXLER v. UNITED STATES, 496 F Supp 2d 150(DC DC 2007); NWACHUKWU v. KARL, 223 F Supp 2d 60(DC DC 2002); WALKER v. WALLER, 267 F Supp 2d 31(DC DC 2003). In LAMIL v. US, 540 US 526, 124 S Ct 1023, 157 L Ed 1024(2004), the Supreme Court made it very clear by stating, "If Congress enacted into law something differene from what it intended, then it should amend the statute to conform to its intention. It is beyond our province to rescue Congress from its drafting error's and to provide for what we might think is the preferred result," quoting US v. GUNDERSON, 548 US 39, 68, 114 S Ct 1259, 127 L Ed 2d 611(1994). In ARLINGTON CENT. DIST. BD OF EDU. v. MURPHY, 548 US 291, 126 S Ct 2455, 2459, 165 L Ed 2d 526(2006), the Court stated, "Courts must presume that a legislature says in a statute what it means and means in a statute what it say ."

6. In defendant's Notice of Removal, counsel quotes several court decisions from courts other than this court or the United States Court of Appeals for the District of Columbia. These decisions are not binding on this court, especially the decisions of the Superior Court of the District of Columbia. Thoseunpublished decisions are not binding on any court, not even on a different judge of that court. Plaintiff has been unable to obtain copies of the those Superior Court opinions quoted in defendant's Notice of Removal. They are not published on the LEXIS NEXIS Legal Research System available to plaintiff. In fact this judfe is not even bound by any decision of other judges of this court. See R. P. v. Dist. of Columbia, 474 F Supp 2d 152(DC DC 2007), stating, "The doctrine of stare decisis does not compel one district court judge to follow the decision

4

of another. A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district or even upon the same judge in a different case." See also J.S. v. DIST. OF COLUMBIA, 533 F Supp 2d 160, Note 3(DCDC 2008). In FUND FOR ANIMALS v. MAINELLOR, 335 F Supp 2d 19*DCDC 2004), Judge Walton stated, "A decision of a district court has no precendational effect. The opinion is not binding on a subsequent court." In NAT'L ASS'N OF HOME BUILDERS v. EVANS, 2002 US Dist LEXIS 27450(DC DC 2002), Judge Kollar-Kotelly, stated, "District court decisions do not establish binding precedent, nor do they even establish the law of the district." See also IN RE EXECUTIVE OFFICE OF THE PRESIDENT, 215 F 3d 24, 25 DC Cir 2005). However, plaintiff points out to this judge, that previous opinions isued by judges of this court may be used by him if he so chooses to do so in making a decision in this action.

    Plaintiff argues that 28 USC 1332(d) is very clear. His Amended Pleading (Complaint) does not give this court jurisdiction over this action. The Amended Pleading (Complaint) is the controlling document in this action. This action was not filed as a "putative" or "purported" class action under any federal statute or rule as the term "class action" is defined in 1332(d)(1)(B) and 1332(d)(2), wherein the statute states, "and is a class action" (Emphasis added). In SYNGENTA CROP PROTEIN v. HENSON, 537 US 28, 32, 123 S Ct 366, 369, 154 L. Ed 368(2002), the Supreme Court stated, "The statutory procedure for removal must be strictly construed." See also WEXLER v. UNITED AIRLINES, 496 F Supp 2d 150 (DC DC 2007);

    7.   Plaintiff's complaint states he "is a legal resident of the State of Virginia." In defendants Notice of Removal defendant's state the same words. The courts have clearly stated that "Allegations of residence is insufficient to establish citizenship necessary for diversity jurisdiction." Because plaintiffs Amended Pleading (Complaint) which is the controlling documents does not state that he is a citizen of a particular state and the Notice of Removal doesn't state that plaintiff or defendants are citizens of a particular state, this court lacks jurisdiction over the action. See NAARTEX CONSULTING CORP v. WATT, 722 F 2d 779, 792-94, Note 20(DC Cir 1983); NOVAK v. CAPITAL MGMT & DEV. CORP , 452 F 3d 902, 907-09(DC Cir 2006) states, "Allegations of residence is insufficient to establish citizenship necessary for diversity jurisdiction" quoting NAARTEX CONSULTING CORP v. WATT. See also KEARING v. GUINEE, 1990 US Dist LEXIS 227(DC DC 1990), "Allegations of residence does not suffice as

allegations of citizenship for purposes of federal jurisdiction. The complaint must allege each party's citizenship. Neither the Amended Pleading or the Notice of Removal state that plaintiff or defendant's are citizens of any state. NAEGELE v. ALBERS, 355 F Supp 2d 129, 134-35(DC DC 2005). They do not allege as citizenship as required under 28 USC 1332(d)(2)(A), (B) or (C) because the action was not filed as a putative or purported class action as the term class action is defined in 28 USC 1332(d)(1)(B) or any federal rule. Because the Amended Complaint is the controlling pleading, the court must look to the Amended Complaint to determine if it has jurisdiction over the action. Because the amended complaint, nor the Notice of Removal allege citizenship for any of the parties or even minimal diversity of citizenship for purposes of the Class Action Fairness Act (CAFA), this court does not have jurisdiction. HARVEY v. BLOCKBUSTER INC, 384 F Supp 2d 749, 754(D. NJ 2005); BAKER v. ACER AM CORP, 2009 US Dist LEXIS 102604(SD Il 2009); DURUAK v. BB&T BANK, 2006 US Dist LEXIS 44390(D. NJ 2006), quoting STEIGLEDER v. McQUESTEN, 198 US 141, 143, 25 S. Ct. 616, 49 L Ed 986(1905), "Residence and citzenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." DINTELMAN v. KELLOGG CO, 2010 US Dist LEXIS 12440(ND Il 2010), quoting HELD v. HELD, 137 F 3d 998,1000(7th Cir 1998); MEYERS v. HARRAH'S EAST CHICAGO CANINO, 299 F 3d 616, 617(7th Cir 1998); HOLMES GROUP INC v. VORANDO AIR CIRCULATORS INC, 535 US 826, 831, 122 S Ct 1899, 153 L Ed 2d 13(2002), the Court stated, "Under the well-pleaded complaint rule, the plaintiff is the master of his complaint." KLEIMAN v. DEPT OF ENERGY, 956 F 2d 335(DC Cir 1992); CAPITAL HILL GROUP v. PILLSBURY WINTHOP SHAW, 2008 US Dist LEXIS 50510(DCDC 2008), "Federal question jurisdiction exists only on the face of plaintiffs complaint."

8.   Plaintiff alleges that defendant's failed to comply with the thirty day (30-day) removal requirement before it filed the Notice of Removal. On March 4, 2010, plaintiff mailed a letter and copy of the initial pleading to Mr Jeff Cohen, Chief Operating Officer for both Ungar's Food Products Inc., and Sensible Foods LLC. Defendant's would have received the initial pleading on March 9, 2010 allowing 3 days mail service. The 30 day period in which defendant's Notice of Removal must have been filed began to run from March 10, 2010 upon receipt of the initial pleading. 28 USC 1446(b)., through "service or otherwise." Defendant's did not file the Notice of Removal with this court until April 23, 2010 well beyond the 30 day period in which defendant's were required to file

allegations of citizenship for purposes of federal jurisdiction. The complaint must allege each party's citizenship. Neither the Amended Pleading or the Notice of Removal state that plaintiff or defendant's are citizens of any state. NAEGELE v. ALBERS, 355 F Supp 2d 129, 134-35(DC DC 2005). They do not allege as citizenship as required under 28 USC 1332(d)(2)(A), (B) or (C) because the action was not filed as a putative or purported class action as the term class action is defined in 28 USC 1332(d)(1)(B) or any federal rule. Because the Amended Complaint is the controlling pleading, the court must look to the Amended Complaint to determine if it has jurisdiction over the action. Because the amended complaint, nor the Notice of Removal allege citizenship for any of the parties or even minimal diversity of citizenship for purposes of the Class Action Fairness Act (CAFA), this court does not have jurisdiction. HARVEY v. BLOCKBUSTER INC, 384 F Supp 2d 749, 754(D. NJ 2005); BAKER v. ACER AM CORP, 2009 US Dist LEXIS 102604(SD Il 2009); DURUAK v. BB&T BANK, 2006 US Dist LEXIS 44390(D. NJ 2006), quoting STEIGLEDER v. McQUESTEN, 198 US 141, 143, 25 S. Ct. 616, 49 L Ed 986(1905), "Residence and citzenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." DINTELMAN v. KELLOGG CO, 2010 US Dist LEXIS 12440(ND Il 2010), quoting HELD v. HELD, 137 F 3d 998,1000(7th Cir 1998); MEYERS v. HARRAH'S EAST CHICAGO CANINO, 299 F 3d 616, 617(7th Cir 1998); HOLMES GROUP INC v. VORANDO AIR CIRCULATORS INC, 535 US 826, 831, 122 S Ct 1899, 153 L Ed 2d 13(2002), the Court stated, "Under the well-pleaded complaint rule, the plaintiff is the master of his complaint." KLEIMAN v. DEPT OF ENERGY, 956 F 2d 335(DC Cir 1992); CAPITAL HILL GROUP v. PILLSBURY WINTHOP SHAW, 2008 US Dist LEXIS 50510(DCDC 2008), "Federal question jurisdiction exists only on the face of plaintiffs complaint."

8.   Plaintiff alleges that defendant's failed to comply with the thirty day (30-day) removal requirement before it filed the Notice of Removal. On March 4, 2010, plaintiff mailed a letter and copy of the initial pleading to Mr Jeff Cohen, Chief Operating Officer for both Ungar's Food Products Inc., and Sensible Foods LLC. Defendant's would have received the initial pleading on March 9, 2010 allowing 3 days mail service. The 30 day period in which defendant's Notice of Removal must have been filed began to run from March 10, 2010 upon receipt of the initial pleading. 28 USC 1446(b)., through "service or otherwise." Defendant's did not file the Notice of Removal with this court until April 23, 2010 well beyond the 30 day period in which defendant's were required to file

the Notice of Removal. Courts have consistently stated that the 30 day period starts when defendant's receive a copy of the initial pleading through "service or otherwise." See the following court opinions:  BABASA v. LENSCRAFTERS INC, 498 F 3d 972, 974-75(9th Cir 1007); MICHETTI STRINGING INC v. MURPHY BROTHERS, 125 F 3d 1396, 1398-99(11th Cir 1997); REECE v. WAL-MART STORES INC, 98 F 3d 839(5th Cir 1996); ROE v. O'DONOHUE, 38 F 3d 298, 203-303(7th Cir 1994); TECH HILLS II ASSOCIATES v. PHOENIX HOME LIFE MET INC CO, 5 F 3d 963-67(6th 1997); NORTHERN ILLINOIS GAS CO v. AIRCO INDUSTRIAL GASES, 676 F 2d 270, 273-74 (7th Cir 1982);   WEIGERT v. GEORGETOWN UNIVERSITY, 43 F Supp 2d 5(DC DC 1999), quoting IBRAHIM v. 1417 N STREET ASSOCIATES LP, 950 F Supp 406(DC DC 1997); YAZANDI  v ACERS ATM, 457 F Supp 2d 36, 38(DC DC 2006), quoting IBRAHIM and WEIGERT.  IBRAHIM v. 1417 N STREET ASSOCS LP, 950 F Supp 406, 407-09(DC DC 1997); BENTON v. WASHINGTON RADIOLOGY ASSOCS, 963 F Supp 500, 501-03(D. MD 1997); SCHWARTZ BROS INC v. STRIPED HORSE, 745 F Supp 338(D Md 1990); kerr v. HOLLAND AMERICAN LINE, 794 F Supp 207, 210-214(ED MICH 1992); MERMELSTEIN v. MARI, 830 F Supp 180, 183(SD NY 1993); PIC-MOUNT CORP v. STOFFEL SEALS CORP, 708 F. Supp 1113, 1118(D. NEV 1989); KIRBY v. OMI CORP, 655 F Supp 219(MD FL 1987); TYLER v. PRUDENTIAL INS CO, 524 F Supp 1211(WD PA 1981); MAGLIO v. F.W. WOLLWORTH CO, 542 F Supp 39(ED PA 1982); PERIMETER LIGHTING INC v. KARLTON, 456 F Supp 355 (ND GA 1978); FRENCH v. BANCO NACIONAL DE CUBA, 192 F Supp 579(SD NY 1961); PORTER v. KAHN, 108 F Supp 593, 594(SD NY 1952). Plaintiff alleges that because defendants failed to file the Notice of Removal within the 30 day period after receipt of the initial pleading theough "service or otherwise" this court does not have jurisdiction over this action.

For all the reasons stated in this Memorandum and the court decisions quoted herein, plaintiff ask this court to Remand this action back to the Superior Court of the District of  Columbia for lack of jurisdiction based on the allegations stated in plaintiffs Amended Pleading (Complaint) which is the controlling document for this court to determine whether it has jurisdiction.

Owen F Silvious  
16497077 FCI-2 Butner  
PO Box 1500  
Butner, NC 27509

Respectfully submitted,

*(signature)*

Owen F Silvious, Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I certify that a copy of the Motion to Remand and Memorandum In Support of said motion was served upon the follwing persons by first class mail, postage prepaid on the ___ day of May 2010.

Mr Scott Taggart, Esq.
DECHERT LLP
1775 I Street, NW
Washington, DC 20006


Una Young Kang, Esq.
SEIBER LLC
18 Columbia Turnpike, Ste 200
Florham Park, NJ 07932

Owen F Silvious