UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Owen F. Silvious,<br><br>　　　Plaintiff,<br><br>　　　　　v.<br><br>Ungar's Food Products Inc., *et al.*,<br><br>　　　Defendants. | Civil Action No.  10-0639 (JDB) |

ORDER

　　　This matter, removed from the Superior Court of the District of Columbia, is before the Court on defendants' motion to dismiss or to stay the action, in which defendants also oppose plaintiff's pending motions to amend the complaint and to remand the case.  The Court will deny plaintiff's motions and advise him, as a *pro se* party, about his obligation to respond to defendants' dispositive motion.

　　　In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion.  "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id*. at 509.  In addition, the Court's local rules state that "[w]ithin 14 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded."  Local Civil Rule 7(b).

　　　Because the motion to dismiss under Fed. R. Civ. P. 12(b)(6) contains matters beyond the pleadings upon which the Court may rely, it may be treated as a motion for summary judgment.

*See* Fed. R. Civ. P. 12(d).  In *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id*. at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).  The court in *Neal* also specified that the "text of Rule 56(e) should be part of the notice" issued to the pro se litigant.  *Id*.  Rule 56(e) of the Federal Rules of Civil Procedure provides:

> (1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> (2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e).  Thus, parties, such as plaintiff, who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are incorrect are not sufficient.  For these purposes, a verified complaint may serve as an affidavit.  *See Neal*, 963 F.2d at 457-58.  Accordingly, it is hereby

**ORDERED** that plaintiff shall respond to defendants' motion to dismiss or to stay the proceedings by **July 23, 2010**.  If plaintiff does not respond by that date, the Court will treat the

motion as conceded and may either dismiss the complaint or stay these proceedings pending the outcome of proceedings in the District of New Jersey; it is

**FURTHER ORDERED** that plaintiff's motion to amend the complaint [Dkt. No. 5] is **DENIED**, inasmuch as the proposed amendments do not present any new claims or substantially alter the underlying facts of the original complaint but rather are plaintiff's anticipatory responses "to the possible defenses [defendants] may give in their Answer . . . ."[1] Amended Pleading ¶ 14; and it is

**FURTHER ORDERED** that plaintiff's motion to remand the case to Superior Court [Dkt. No. 7] is **DENIED**, inasmuch as defendant's removal notice [Dkt. No. 1] was filed timely and in compliance with 28 U.S.C. §§ 1441(b) and 1446.[2] *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 349 (1999) (establishing that "service of process is a prerequisite for the running of the 30-day removal period under § 1446(b)"); *Rockwell Intern. Corp. v. U.S.*, 549 U.S. 457, 473 n.6 (2007) ("[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."); *In re Burlington Northern Santa Fe Ry. Co.*, ___ F.3d ___, 2010 WL 1980172 *2 (7th Cir., May 19, 2010) ("[J]urisdiction under [the Class Action

---

[1] Plaintiff states that "[e]xcept for the following amendments, all other paragraphs of the original complaint remain in effect." Amended Pleading (Complaint) at 1.

[2] In direct contradiction to his statement in the proposed amended complaint, plaintiff states in the remand motion that the amended complaint "supersedes the original pleading and controls this action as the original complaint is a nullity." He also asserts that this Court lacks jurisdiction and that defendants "failed to file the Notice of Removal within thirty days after receipt of the initial pleading."

Fairness Act] is secure even though, after removal, the plaintiffs amended their complaint to eliminate the class allegations").

s/<br>
JOHN D. BATES<br>
United States District Judge

Dated: June 22, 2010