IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OWEN F SILVIOUS,

        Plaintiff,

v.   Civil Action No. 10-0639-(JDB)

UNGAR'S FOOD PRODUCTS INC.,
d/b/a dr praegers sensible foods,
and
SENSIBLE FOODS LLC.,
d/b/a DR PRAEGERS SENSIBLE FOODS,

        Defendants.

**RECEIVED**
**JUN 2 1 2010**
Clerk, U.S. District and
Bankruptcy Courts

PLAINTIFFS NOTICE TO COURT PERTAINING TO HIS AMENDED COMPLAINT

Now comes plaintiff Owen F Silvious and notifies this Court that he did not and was not required to file a Motion to Amend Complaint. Under amended Rule 15(a)(a)(A) and (B), plaintiff can amend his complaint as an absolute, (A) 21 days after serving the pleading, or (B) if the pleading is one in which a responseive pleading is required, 21 days after service of the responsive pleading." Defendant's filed their Answer to the Complaint on April 13, 2010 in the Superior Court of the District of Columbia. PLaintiff had 21 days after filing of defendant's Answer in which he was authorized as a matter of right to file an Amended Complaint. The last day in which plaintiff was required to file the Amended Complaint was May 4, 2010. On May 4, 2010, plaintiff deposited the Amended Complaint in the FCI-2 Butner mail system under the Prison mail box rule a document is considered filed the day on which the document is placed in the prison mail system for forwarding to the Clerk of the Court. So plaintiffs Amended Complaint was filed within the 21 day period authorized by amended Rule 15(a)(!)(B) after defendants filed their Answer with the Superior Court on April 13, 2010. According to documents plaintiff received from defense counsel, the defense counsel states that the court was going to make a determination that plaintiffs Amended Complaint was a Motion to Amend His Complaint. That is incorrect. Plaintiffs Amended Complaint was

timely filed and the court is required to accept it as the Amended Complaint, not a Motion to Amend. Defense counsel should know what Amended Rule 15(a) states which became effective on December 1, 2009. Defense counsel had an ethical obligation to inform this court that plaintiffs Amended Complaint was authorized under the amended Rule.

Plaintiff points out to this Court that defendants are in DEFAULT for intentionally failing to file a Response to the Amended Complaint within the time required by amended Rule 15(a)(3) which was 14 days after service of the Amended Complaint of the Amended Complaint. Defense counsel would have received the Amended Complaint on May 10, 2010. The time to file a response to the Amended Complaint has long expired and as of this date, defendants still have not filed a Response to the Amended Complaint. Defense counsel are required to know of any amendments that are made to the Federal Rules of Civil Procedures. There is no excuse for not knowing of the amendment that was made to Rule 15, consequently defendants are in DEFAULT. However, because plaintiff argues this Court does not have jurisdiction based on his Amended Complaint which is the operative instrument the court must use to determine it's jurisdiction. Case law state that the Amended Complaint is the operative document and supersedes the original complaint. There is no

exception for removal actions after Rule 15(a) was amended. Plaintiff ask this court to see his Motion to Remand citing authorities that the Amended Complaint supersedes the Original Complaint. Plaintiff plans to file a Reply to Defendant's Cross-Motion to Dismiss within the required time period. But plaintiff wanted to notify this Court of the his absolute right to file an Amended Complaint even after defendant's have filed a Responseive Pleading under amended Rule 15(a).

Respectfully submitted,

Owen F Silvious
16497077 FCI-2 Butner
PO Box 1500
PO Box 1500
Butner, NC 27509

*(signature)*
Owen F Silvious, Plaintiff
6-15-10

CERTIFICATE OF SERVICE

I certify that a copy of Plaintiffs Notice to Court Pertaining to His Amended Complaint was served upon the following persons on June 18, 2010 by first class mail, postage prepaid by depositing the same in the FCI-2 Butner mail system on the same date.

Mr Scott M. Taggart, Esq.
DECHERT LLP
1775 I Street, NW
Washington, DC 20006

Attorneys for Defendants.

*[signature]*
Owen F Silvious, Plaintiff
6-18-10