# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| OWEN F SILVIOUS,<br><br>      Plaintiff,<br><br>v.<br><br>UNGAR'S FOOD PRODUCTS INC., d/b/a DR PRAEGER'S SENSIBLE FOODS and SENSIBLE FOODS LLC., d/b/a DR PRAEGER'S SENSIBLE FOODS,<br><br>      Defendants. | Civil Case No. 1:10-cv-00639 (JDB) |

## REPLY CERTIFICATION OF JAMES H. GIANNINOTO IN FURTHER SUPPORT OF DEFENDANTS' CROSS-MOTION TO DISMISS OR STAY THE ACTION AND IN OPPOSITION TO PLAINTIFF'S REQUEST FOR DEFAULT

I, James H. Gianninoto, submit this Reply Certification In Further Support Of Defendants' Cross-Motion To Dismiss Or Stay The Action And In Opposition To Plaintiff's Request For Default, upon my personal knowledge or belief.

1. I am an attorney in the State of New Jersey and a member of the law firm of Saiber LLC.

2. Attached hereto as Exhibit A is a true and correct copy of an Order dated March 25, 2008, *Solo v. Chiquita Brands, Int'l, et al.*, No. 05-cv-61335 (S.D. Fla. Mar. 25, 2008) (Doc. No. 135).

3. Attached hereto as Exhibit B is a true and correct copy of an email, dated February 18, 2009, together with the attached opt-out notice, received from class counsel at Troutman Sanders in the *Elias, et al. v. Ungar's Food Products, Inc.*, No. 06-cv-2448 (KSH) matter. As set forth in the attached email, this opt-out notice by Edwin Waite, Jr. was the only

{00623554.DOC}

one received by class counsel by the date of the email and class counsel represented that they would forward to this firm any additional opt-out requests received in the *Elias* class action. To date, we have received no additional opt-out notices from class counsel.

4. Attached hereto as Exhibit C is a true and correct copy of an unfiled "Amended Pleading (Complaint)," dated May 1, 2010, received from Owen F. Silvious.

I certify under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: July 6, 2010

_____
James H. Gianninoto

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 05-61335-CIV-JORDAN
(ELEVENTH CIRCUIT APPEAL NO. 07-15894-D)

JOE SOLO et. al,                           )
          Plaintiffs                       )
                                           )
vs.                                        )
                                           )
CHIQUITA INTERNATIONAL BRANDS,             )
INC., et. al,                              )
                                           )
          Defendants                       )

**ORDER DENYING OWEN SILVIOUS' MOTION TO PROCEED IFP ON APPEAL AND REQUIRING MR. SILVIOUS TO POST RULE 7 APPELLATE BOND FOR COSTS**

Mr. Silvious' motion [D.E. 127] to proceed in forma pauperis (IFP) on appeal, which is a request to not have to prepay appellate filing fees and to have those fees taken out of his prison account over time, is DENIED pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(2). I hereby certify in writing that the appeal is frivolous and "is not taken in good faith." My reasons are set forth below.[1]

In mid-August of 2007, Mr. Silvious, a federal prisoner in North Carolina,[2] sent a letter (dated August 15, 2007) to the court opting out of the class and also purporting to opt out on behalf of other potential class members in other states.[3] In an order dated August 31, 2007, I treated Mr.

---

[1] Mr. Silvious' motion to amend the order unsealing his IFP motion [D.E. 128] is DENIED.

[2] Mr. Silvious is currently serving a 105-month federal sentence for his involvement in a $1 million mail fraud scheme in Wisconsin. *See United States v. Silvious*, 512 F.3d 364 (7th Cir. 2008) (affirming Mr. Silvious' conviction and sentence). He was previously convicted of wire fraud and bank fraud in federal court in Virginia. *See United States v. Silvious*, 946 F.2d 888, 1991 WL 209840 (4th Cir. 1991) (addressing motion to vacate filed by Mr. Silvious).

[3] Although I instructed the clerk to file Mr. Silvious' opt out letter in the docket, *see* Order [D.E. 98], that instruction was apparently not followed and the letter was not filed. The letter, however, is attached as part of Exhibit 1 to the Plaintiffs' Opposition to Mr. Silvious' Motion to Proceed IFP [D.E. 129] and as part of the Appendix to Mr. Silvious' Reply Memorandum [D.E.

Silvious' letter as an individual request to opt out, and told Mr. Silvious that he could not opt out on behalf of other people. *See* Order [D.E. 98]. On November 21, 2007, after a fairness hearing, I entered a final order approving the class settlement. In that order, I found that Mr. Silvious was an opt out, pursuant to his August 2007 letter. *See* Final Approval of Class Settlement and Final Judgment [D.E. 119] at ¶ 12.

Mr. Silvious' current appeal to the Eleventh Circuit is not taken in good faith because Mr. Silvious, as an opt out, does not have standing to challenge the class settlement by way of an appeal. *See, e.g., In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1103 (10th Cir. 2001); *In re Brand Name Prescription Drugs Antitrust Litigation*, 115 F.3d 456, 457 (7th Cir. 1997); *Mayfield v. Barr*, 985 F.2d 1090, 1092-93 (D.C. Cir. 1993). Given the obvious lack of standing, the appeal is frivolous. *See Rudolph v. Allen*, 666 F.3d 519, 520 (11th Cir. 1982).

In his reply, Mr. Silvious now contends, for the first time, that he really did not opt out of the class. He asserts that, on September 11, 2007, he sent a second letter to the court withdrawing his prior opt out. He attaches a copy of that purported letter in the appendix to his reply [D.E. 133]. That letter contains a declaration under penalty of perjury by Mr. Silvious (purportedly executed on the date of mailing) that he placed the letter in the BOP inmate mail system. This purported September 11 letter, however, was not copied to any of the counsel in the case, was not sent to the claims administrator, was not received by the court, and is not part of the docket in this case.

Despite Mr. Silvious' declaration under penalty of perjury, I find that Mr. Silvious never mailed the September 11 letter withdrawing his prior opt out. I assume that the "mailbox" rule of *Houston v. Lack*, 487 U.S. 266 (1988), applies here, *cf. Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (*Houston v. Lack* applies to prisoner suits under 42 U.S.C. § 1983 and the FTCA) but, there is evidence in the record that contradicts the declaration under penalty of perjury in the purported September 11 letter and makes that declaration entitled to little or no weight. *See generally Grady v. United States*, 269 F.2d 913, 918 (8th Cir. 2001) (under certain circumstances, court may decide not to give much weight to prisoner's affidavit/declaration under *Houston v. Lack*). First, Mr. Silvious' own prisoner trust account [D.E. 127, Exh. 2] does not show that there were any

---

133]. A copy of the opt out letter is attached to this order for ease of reference.

2

deductions for postage around September 11, 2007. *See Gracy v. United States*, 131 Fed. Appx. 180, 181 (11th Cir. 2005) (in determining whether prisoner actually mailed legal document, court can consider, among other things, whether postage was deducted from prisoner's account on date of purported mailing). Second, Mr. Silvious has not presented a copy of his correctional institution's mail log to show that he in fact mailed a letter to the court on September 11. Third, on September 18, 2007, Mr. Silvious filed a motion for the court to not approve the proposed class action settlement [D.E. 101]. In that motion, Mr. Silvious referred to his August 2007 opt out letter, and to my order treating him as an individual opt out. At no point in this September 18 motion did Mr. Silvious make any mention of any September 11 letter withdrawing his prior opt out.[4] Fourth, even after receiving the final order approving the settlement, Mr. Silvious did not ask for reconsideration of my finding that he had opted out (as would be expected if he had really mailed the September 11 letter withdrawing his August 15 opt out). Fifth, as reflected in the letters he has sent to counsel (attached as exhibits 3 and 4 to the plaintiffs' opposition memorandum [D.E. 129]), Mr. Silvious is using the threat of an appeal to obtain money for himself (to the exclusion of the class to which he claims he belongs) or for organizations which, as of now, do not appear to exist. These are additional "relevant circumstances," *see Allen v. Culliver*, 471 F.3d 1196, 1198-99 (11th Cir. 2006), which show that Mr. Silvious never mailed the purported September 11 letter and that he has now created the letter in an after-the-fact attempt to manufacture standing or at least create some type of legal issue for appeal.

In sum, Mr. Silvious opted out of the class in this case, and is not bound by the settlement agreement. As an opt out, he has no standing to challenge the settlement on appeal, and his appeal is therefore frivolous and not taken in good faith. The motion to proceed IFP on appeal is DENIED.

Having denied Mr. Silvious' IFP motion, I am also exercising my discretion and granting in part the request made by the plaintiffs that Mr. Silvious be required to post an appellate bond. I am requiring Mr. Silvious to post a cost bond in the amount of $1,000 under Fed. R. App. P. 7 to ensure

---

[4]In the end, I did not address Mr. Silvious' September 18 motion or purported objection on the merits because I determined that he had opted out, and as an opt out, he had no standing to object to the proposed settlement.

3

payment of costs on appeal. *See Pedraza v. United Guaranty Corp.*, 313 F.3d 1323, 1337 (11th Cir. 2002). That bond must be posted within 30 days of this order. Despite my finding of frivolity, I am not requiring Mr. Silvious to post an appellate bond for attorney's fees at this time. *Cf. Young v. New Process Steel LP*, 419 F.3d 1201, 1207-09 (11th Cir. 2005) (if court is going to require civil rights plaintiff to post appellate bond to cover not just costs, but also attorney's fees, it must find that the appeal is frivolous or without foundation).

The clerk shall transmit a copy of this order to the Eleventh Circuit.

DONE and ORDERED in chambers in Miami, Florida, this 24th day of March, 2008.

*Adalberto Jordan*
Adalberto Jordan
United States District Judge

Copy to:     All counsel of record

Owen Silvious, pro se
Reg. No. 16497077
FCI-2
P.O. Box 1500
Butner, NC 2750

U.S. District Court, Appellate Section

4

Case 1:10-cv-00639-JDB   Document 15-1   Filed 07/06/10   Page 8 of 20
Case 0:05-cv-61335-AJ   Document 135   Entered on FLSD Docket 03/25/2008   Page 5 of 6
Case 0:05-cv-61335-AJ   Document 129   Entered on FLSD Docket 02/26/2008   Page 34 of 63

August 15, 2007

Clerk of the Court
Southern District of Florida
US Court House
301 North Miami Avenue
Miami, FL 33128

Dear Sir/Madam:

RE: Solo, et el., v. Chiquita Brands International Inc. et el.
Civil Action No: 05-61335-CIV-JORDAH/KLEIN

Reference to the proposed settlement in the above class action, I hereby opt-out of the settlement on behalf of myself and other individuals in the states of Virginia, West Virginia and North Carolina.

Thank you for your help in this matter.

Sincerely,

Owen F Silvious
225-22 Indian Hollow Road
Winchester, VA 22603
540-722-8062

*Docket sheet does NOT show receipt by clerk of court.*

P.S. Please send me copy of docket sheet.

3-4

Case 1:10-cv-00639-JDB   Document 15-1   Filed 07/06/10   Page 9 of 20
Case 0:05-cv-61335-AJ   Document 135   Entered on FLSD Docket 03/25/2008   Page 6 of 6
Case 0:05-cv-61335-AJ   Document 129   Entered on FLSD Docket 02/26/2008   Page 32 of 63

September 11, 2007 (Tuesday)

Copy

Clerk of Court
United States District Court
Southern District of Florida
United States Court House
301 North Miami Avenue
Miami, Florida 33128

Dear Sir/Madam:

   Re: Joe Solo, et seq., v. Chiquita Brands International Inc., et seq.
      Civil Action No: 05-61335-Jordan

This letter is to inform you that I hereby cancel my opt-out Notice dated August 15, 2007.

                        Sincerely,

                        Owen F Silvious
                        225-22 Indian Hollow Road
                        Winchester, VA 22603


AFFIDAVIT

I declare under penalty of perjury that I place this Notice in the FCI-2 Butner, mail system on September 11, 2007, postage prepaid addressed to the Clerk of the Court. 28 USC 1746 applies.

Dated this 11th day of September 2007 at FCI-2 Butner, NC.

                        _____
                        Owen F Silvious

[Handwritten notes:]
Clerk: Please send me copy of docket sheet.

Docket sheet does NOT show receipt by Clerk? Court Rules / opt-out or cancellation.

# EXHIBIT B

# James H. Gianninoto

**From:** Unis, Eric L. [Eric.Unis@troutmansanders.com]
**Sent:** Wednesday, February 18, 2009 8:20 PM
**To:** James H. Gianninoto
**Cc:** Aaronson, Matthew J.; Schlesinger, Mark I.
**Subject:** Elias v. Ungar's

**Attachments:** Document.pdf



Document.pdf (279 KB)

James:

Attached please find (i) the sole opt-out request we have received to date, (ii) documents concerning non-privileged communications with class members, (iii) the Class Notice as it appeared on PR Newswire on January 29, 2009, and (iv) the Class Notice as it appeared in USA Today on February 17, 2009. The Class Notice as it appeared in USA Today and on PR Newswire, and as it will appear in Health magazine this week, contains substantially the same text as it does on the Class Website.

If there are any further opt-out requests provided to us before April 2, 2009, we will provide those to you after that date.

Regards,
Eric

Eric L. Unis, Esq.
Troutman Sanders LLP
405 Lexington Avenue
New York, NY 10174
(212) 704-6482

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.


This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

1

December 23, 2008

Troutman Sanders LLP
Attn: Matthew J Aaronson
The Legal Center
One Riverfront Plaza
Newark, NJ 07102

In re:			Alexandria Elias, et.al.
				v.
			Ungar's Food Products, Inc., et.al.
			Civil Action No: 06-2448(KSH)
			USDC, DNJ

This is my request to be excluded as a class member from this lawsuit.

			Sincerely,

			*[signature]*

			Edwin Waite Jr
			2283 Southgate Hills Dr
			St George, UT 84770-8720

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OWEN F SILVIOUS
16497077 FCI-2 Butner
PO Box 1500
Butner, NC 27509,

v.                                          Civil Action No. 10-0639(Bates)

UNGAR'S FOOD PRODUCTS INC.,                 DC Superior Court No. 0001795-10
d/b/a Dr Praeger's Sensible Foods
9 Boumar Place
Elmwood Park, NJ 07407
and
SENSIBLE FOODS LLC., d/b/a
Dr Praeger's Sensible Foods
9 Boumar Place
Elmwood Park, NJ 07407,

Defendants.

## AMENDED PLEADING(COMPLAINT)

Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedures, plaintiff Owen F Silvious hereby amends the original complaint filed in the Superior Court of the District of Columbia. Except for the following amendments, all other paragraphs of the original complaint remain in effect. This Amended Pleading relates back to the original complaint.

1.   This is an action under the District of Consumer Protection Procedures Act, DC Code 28-3901 et seq., DC Code 28-3905(k)(1), because defendant's violated a "trade practice law" of the District of Columbia, (hereinafter referred to as DC or State), namely defendant's violated DC Code 28-3904 (a), (d) and (e) as more fully stated in this amended pleading. Plaintiff brings this action on behalf of the "general public" as defined in paragraph 13. Plaintiff was a member of the general public. (NOTE: This is not a class action as that term is defined in 28 USC 1332(d)(1)(B) and 28 USC 1453. This is not an action under any federal statute. The action was not certified as a class action as required under Rule 23.

2.   Venue is proper in this court because defendant's product's were and are sold in the District of Columbia through wholesaler's, retailer's and defendant's website: www.drpraegers.com.

   3. Plaintiff was a "consumer" as that term is broadly defined in DC Code 28-3902(a)(2) during the period stated in paragraphs 5 and 8.

   4. Each of the named defendant's was a "merchant" as that term is broadly defined in DC Code 28-3901(a)(3) during the period stated in paragraphs 5 and 8.

   5. Plaintiff is a legal resident of the State of Virginia and purchased defendant's product's stated herein in the District of Columbia during the period May 30, 2000 and August 31, 2007, although he only consumed the potato cakes.

   6. Defendant Ungar's Food Products Inc., is a corporation organized under the laws of the State of New Jersey. Defendant Sensible Foods LLC is a limited liability company organized under the laws of the State of New Jersey. Both defendant's have their principal place of business at 9 Boumar Place, Elmwood Park, NJ 07407.

   7. Both defendant's conduct business throughout the United States, including the District of Columbia through wholesaler's, retail's and their website: www.drpraegers.com.

   8. Plaintiff alleges on behalf of the general public, including himself as a member of the general public as defined in paragraph 13, that the following false and misleading statements that appeared on the packages of the products named below sold by defendant's violated a "trade practice law" of the District of Columbia, namely DC Code 28-3904(a), (d) and (e) as follows:

   a. The packaging for Dr Praeger's California Veggie Burgers stated that the product contained 4 grams of fat and 92 calories per serving, when in fact, the Veggie Burgers conntained nearly 9 grams of fat and almost 160 calories per serving.

   b. The packaging for Dr Praeger's Tex-Mex Veggie Burgers stated that the product contained 4 grams of fat and 92 calories per serving, when in fact, the Tex-Mex Burgers contained nearly 9 grams of fat and almost 160 calories per serving.

   c. The packaging for Dr Praeger's Broccoli Pancakes stated that the product contained 2 grams of fat and 40 calories per serving, when in fact, they contained nearly 4 grams of fat and more than 60 calories per serving.

   d.   The packaging for Dr Praeger's Potato Pancakes stated that the product contained 2.5 grams of fat and 50 calories per serving, when in fact, they contained nearly 5 grams of fat and more than 60 calories per serving.

   e.   The packaging for Dr Praeger's Spinach Pancakes stated that the product contained 2 grams of fat and 40 calories per serving, when in fact, they contained more than 4 grams of fat and more than 60 calories per serving.

   9.   Plaintiff alleges that after an independent laboratory (Michelson Laboratoties Inc., of Commerce, California) tested the products, defendant's voluntarily agreed to "recall" 22,744 cases of defendant's products from the market. If defendant's had not voluntarily recalled the products, the Food and Drug Aministration (FDA) would have taken legal action to order the products recalled. The independenttesting discovered that almost all of the amounts stated in the Nutrition Label were out of complaince. After being notified of the findings, the American Heart Association (AHA) conducted it's own testing and confirmed that the amounts stated in the Nutrition Labels were out of colpliance with the maximum 4 grams of total fat per 100 grams required to carry the AHA "Health Check" symbol. Those facts are stated in a "Statement of Hazard" dated 9-7-06 issued by the Health Hazard Evaluation Board, Center for Food Safety and Applied Nutrition. HHS No. 6575 and letter dated September 11, 2006 from the Department of Health and Human Services, Food and Drug Administration, New Jersey Office. This letter was addressed to Dr. Peter Praeger, President, Ungar's Food Products Ins., and was signed by Mr Douglas Ellsworth, District Director, New Jersey District. The letter was Referenced: Recall No. F-313-314-6.

   10.   Plaintiff alleges that independent testing of these products which defendant's marketed as foods that contribute to a healthy lifestyle (See Dr Praeger's signed statement on the packaging), that the nutritional information on the products packaging misrepresented the fat and calories of those products in violation of DC Code 28-3904(a), (d) and (e) which states the following:

   "It shall be a violation of this chapter, whether or not any consumer is in fact misled, deceived or damaged thereby for any person to:

3

(a)   represent that the goods or services have a source, sponsorship, approval, certification, accessories, characters, INGREDIENTS, USES, BENEFITS or QUALITIES that they not have;
(d)   represent that the goods or services are of a particular STANDARD, QUALITY, GRADE, style or model, if in fact they are of another;
(e)   misrepresent as to a material fact which has a tendency to mislead.

11. Plaintiff alleges that because defendant's misrepresented the fat and claories content of the products per serving, defendant's violated a "trade practice law" of the District of columbia, namely the District of Columbia Consumer Protection procedures Act, DC Code 28-3904(a), (d) and (e). Actually each package violated the Act six (6) times. 6 violation per package multiplied by 5 products equal = 30 violations of the Act.

12. Plaintiff argues under District of Columbia Consumer Protection Procedures Act, DC Code 28-3901 et seq., and case law interpreting the Act, he does not have to prove he or any member of the general public were actually misled, deceived or damaged. Violaiton of the statute, creates liability against defendant's. Under the current version of the statute, plaintiff on behalf of the general public as defiend herein which he was a member under DC Code 28-3905(k)(1)(A), neither plaintiff or any member of the general public are required to prove that they actually purchased defendant's products. Maybe if plaintiff was proceeding under DC Code 28-3905(k)(a)(E), he might have to prove that he purchased the products. Prior to the amendment to the statute in 2000, a plaintiff had to have suffered an "injury in fact." The DC Council removed that requirement in the 2000 amendment of the statute. Plaintiff discovered the above violations by a Legal Notice published in the USA Today Newspaper dated February 17, 2009. That Legal Notice pertained to a class action that had been filed in the United States District Court for the District of New Jersey. The Legal Notice stated that any person that did not want to be a member of the class could opt-out of the class action by mailing a letter to the law firm stated in the Notice. By letter dated March 20, 2009 (Friday), addressed to the law firm TROUTMAN SANDERS LLP, which was stated in the Legal Notice, plaintiff Opte-Out of that class action as he now does in all indirect purchasers class action because the unnamed class members never receive any benefits from the indirect purchaser class action. He has learned that only the attorney's that file such actions actually receive any real benefit in the form of huge attorney fees if a settlement or judgment is entered against defendant's in those indirect purchaser class actions.

13. Plaintiff alleges that the term "general public" as used in this action mean "individuals who were residents of the District of Columbia, individuals that worked in the District of Columbia and individuals who visited the District of Columbia during the period stated in paragraphg 5 and 8. This meaning also includes plaintiff as a member of the general public because plaintiff visited the District of Columbia more than fifty times during that period. Under the statute, neither plaintiff or any member of the general public as defined herein are required to prove that they actually purchased defendant's product's or that they were in fact misled, deceived or damaged by the unlawful trade practice committed by defendant's. DC Code 28-3904. Violation of the Act creates liability against defendant's. The statute, nor any case law pertaining to the statute define the term "general public." The controlling opinion issued by the District of Columbia Court of Appeals, the highest court of the state (DC) and binding on all other courts interpreting the Act is GRAYSON v. AT & T Corp, 980 A 2d 1137(DC Ct of Appeals 2009); See also BREAKMAN v. AOL LLC, 545 F Supp 2d 96(DC DC 2008). Plaintiff does not know how many members of the general public this action may affect.

14. As to the possible defenses defentant's may give in their Answer, plaintiff states the following:

a. He has stated a claim for which relief may be granted in paragraphs 8 thru 11. Plaintiff is only required to give a plain short statement of his claim pursuant to Rule 8 of the Rules of Civil Procedures.

b. Plaintiffs claims are not barred by the statute of limitations because plaintiff did not discover the alleged violations until he read a Legal Notice in the USA Today Newspaper dated February 17, 2009. Under the discovery rule, accural of the action started on that date. Plaintiff filed the action within the three year statute of limitations.Under the Discovery Rule, the statutes of limitations was tolled until plaintiff could have learned of the alleged violations.

c. Plaintiff has standing to bring this action on behalf of the general public pursuant to DC Code 28-3905(k)(a) and GRAYSON v. AT & T quoted herein.

  d. Under the District of Columbia Consumer Protection Act, DC Code 28-3901 et seq., plaintiff does not have to prove he received any benefit from the products.

  e. Under DC Code 28-3904, neither plaintiff or any member of the general public are required to prove that he or they suffered any loss or other damage.

  f. Plaintiff claim is not barred by the doctrine of preemption because no federal statute preempts the District of Columbia Consumer Protection Procedures Act (DCCPPA).

  g. Under the DCCPPA plaintiff is not required to mitigate damages, if any, because plaintiff does not have to prove any damages. Plaintiff is not claiming any damages in this action.

  h. Statutory fees under the DCCPPA is not barred by the doctrine of waiver, estoppel, laches or unclean. Neither of these pertain to plaintiff.

  i. Wehther or not defendant's complied with federal laws or acted in good faith when they manfactured the products, they still violated the DCCPPA as stated in this action.

  Plaintiff argues there are no defenses available to defendant's in this action if the attorney's conduct the proper investigation of the matter prior to filing any pleadings in this action.

## RELIEF DEMANDED

  15. Plaintiff alleges that defendant's violated the Act Thirty times because each of the five product packages violated the Act six (6) times. (6 violations per package pultiplied by 5 products equal = 30 violations of the Act).

  16. Plaintiff ask the court to award statutory fees of between $500.00 per violation to $1,500.00 per violation, namely between $15,000 and $45,000 per member of the general public which includes plaintiff as defined in paragraph 13. Plaintiff demands a total of $5 million in statutory fees, plus attorney fees of not less than $500.00 per hour if plaintiff is required to obtain the services of a law firm, plus all costs, fees and expenses of the action and such other relief that the court may deem proper based on the facts of the case. Plaintiff further demand that defendant's be required to pay for any Legal Notice that plaintiff might place in a publication notifying the general public of the action and their right to claim statutory fees under the Act.

17. Plaintiff demands judgment be issued against defendants in the amount of $5,000,000.00 in favor of the general public as defined in paragraph 13. Judgment to be issued against each defendant individually and jointly until paid in full.

Respectfully sumitted,

Owen F Silvious
16497077 FCI-2 Butner
PO Box 1500
Butner, NC 27509

Owen F Silvious, Plaintiff

## DECLARATION

I, Owen F Silvious declare under the penalty of perjury that the facts and statements stated in this Amended Pleading (Complaint) are true and correct to the best of my ability.

Executed this 1st day of May 2010 at FCI-2 Butner.

Owen F. Silvious

## CERTIFICATE OF SERVICE

I certify that a copy of this Amended Pleading (Complaint) was served upon the following persons pursuant to Rule 5(b)(0) of the Federal Rule of Civil Procedures by placing the same in the FCI-2 Butner mail system on the_____day of May 2010.

Scott Taggart, Esq.
DECHERT LLP
1775 I Street, NW
Washington, DC 20006

Una Young Kang, Esq.
SEIBER LLC
18 Columbia Turnpike, Ste 200
Florham Park, NJ 07932

Owen F Silvious

7