# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| OWEN F SILVIOUS,<br><br>        Plaintiff,<br><br>v.<br><br>UNGAR'S FOOD PRODUCTS INC., d/b/a DR PRAEGER'S SENSIBLE FOODS and SENSIBLE FOODS LLC., d/b/a DR PRAEGER'S SENSIBLE FOODS,<br><br>        Defendants. | Civil Case No. 1:10-cv-00639 (JDB) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

# TABLE OF CONTENTS

                                              **Page**

PRELIMINARY STATEMENT ........................................................................................................1

RELEVANT PROCEDURAL HISTORY ........................................................................................1

ARGUMENT .....................................................................................................................................2

       1.       The Standard for Reconsideration ........................................................................2

       2.       Plaintiff Has Failed to Establish a Sufficient Basis for Reconsideration.................3

       3.       Even if Plaintiff's Amended Complaint is Permitted by the
                  the Court, It Still Cannot Withstand Dismissal......................................................6

CONCLUSION..................................................................................................................................8

## **TABLE OF AUTHORITIES**

*Baker v. Director, U.S. Parole Comm'n,*
    916 F.2d 725 (D.C. Cir. 1990) ..................................................................................................7

*Campbell v. United States Department of Justice,*
    231 F.Supp.2d 1 (D.D.C. 2002) ................................................................................................2

*Christianson v. Colt Industrial Operating Corp.,*
    486 U.S. 800 (1988) ..................................................................................................................3

*\*Cobell v. Norton,*
    355 F.Supp.2d 531 (D.D.C. 2005) ............................................................................................3

*\*Degen v. United States,*
    517 U.S. 820 (1996) ..................................................................................................................7

*In re Vitamins Antitrust Litig.,*
    2000 WL 34230081 (D.D.C. July 28, 2000) ............................................................................5

*\*Margolis v. U-Haul,*
    2009 WL 5788369 (D.C. Super. Ct. Dec. 17, 2009) ................................................................7

*Moore v. Hartman,*
    332 F.Supp.2d 252 (D.D.C. 2004) ............................................................................................2

*\*Singh v. George Washington University,*
    383 F.Supp.2d 99 (D.D.C. 2005) .........................................................................................3, 5

*St. Paul Mercury Insurance Co. v. Capitol Sprinkler Inspection, Inc.,*
    657 F.Supp.2d 243 (D.D.C. 2009) ............................................................................................3

*Urban v. United Nations,*
    768 F.2d 1497 (D.C. Cir. 1985) ................................................................................................7

*Whitehead v. Paramount Pictures Corp.,*
    145 F.Supp.2d 3, 5 (D.D.C. 2001) ............................................................................................8

*Wyle v. R.J. Reynolds Ind. Inc.,*
    709 F.2d 585 (9th Cir. 1983) ....................................................................................................7

## **STATUTES**

Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(2) ……………………………….1,8

Consumer Protection Procedures Act, D.C. Code §28-3901 *et seq*. ..............................................6

## **RULES**

Fed. R. Civ. P. 12 ............................................................................................................................7

Fed. R. Civ. P. 54 ............................................................................................................................2

## PRELIMINARY STATEMENT

Plaintiff's Motion to Reconsider and Amend Order Entered on June 22, 2010 ("Motion to Reconsider") should be denied. As noted in Defendants' Reply Memorandum of Points and Authorities in Further Support of Cross-Motion ("Reply"), the proposed amended complaint would change nothing – it raises no new claims, and sets forth substantially the same underlying facts. Rather, the proposed amended complaint merely seeks to assert improper legal arguments in anticipation of the possible defenses that Defendants may raise in their answer. Notwithstanding Plaintiff's proposed amendment, the initial Complaint remains controlling for purposes of removal and remand. Moreover, even if the Court looked to the proposed amended complaint, Plaintiff's action is and remains a putative class action subject to this Court's jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), and Plaintiff has not disputed that he is a wholly inadequate class representative or private attorney general to prosecute such action. Moreover, Plaintiff's Motion to Reconsider merely reasserts the same arguments that were previously considered and rejected by this Court and as such, should be denied. Thus, even if the Court granted Plaintiff's Motion to Reconsider to the extent of allowing Plaintiff to file his proposed amended complaint, the amended complaint would accomplish nothing. Indeed, this Court still has more than a sufficient basis to strike or dismiss the amended pleading and enjoin Plaintiff from re-filing his action, or alternatively, stay the action. Given the facts and prior proceedings in this case, justice requires that Plaintiff's Motion be denied.

## RELEVANT PROCEDURAL HISTORY

This Court entered an Order on June 22, 2010 ("Order") (*see* Doc. No. 10), denying Plaintiff's Motion to Amend, filed with the Court on May 17, 2010 (*see* Doc. No. 5) and Motion

1

to Remand, filed with the Court on May 20, 2010 (*see* Doc. No. 7).  The Court had deemed the proposed amended complaint to be a Motion to Amend Complaint. (*See* Doc. No. 5).  In denying Plaintiff's Motion to Amend, the Court concluded that the proposed amended complaint did not raise any new claims or substantially alter the underlying facts, but instead, merely reflected Plaintiff's legal arguments concerning the defenses that Plaintiff anticipated Defendants would assert in response to the amended complaint.  (*See* Order (Doc. No. 10)).  Plaintiff then followed with a motion entitled "Motion to Reconsider and Amend Order Entered on June 22, 2010" ("Motion to Reconsider") on June 30, 2010 and served via ECF on July 1, 2010.  (*See* Doc. No. 14).  Plaintiff's original Complaint was filed in the Superior Court of the District of Columbia on March 16, 2010, which was served upon Defendants on March 24, 2010 and answered by Defendants on April 13, 2010 (*See* Notice of Removal, Exhibit A (Doc. No. 1)).  Plaintiff's Complaint was timely removed by Defendants on April 23, 2010 (*See* Notice of Removal (Doc. No. 1)).

## ARGUMENT

### I.     The Standard for Reconsideration

Rule 54(b) governs reconsideration of orders that do not constitute final judgments in a case.  *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").  *See Campbell v. United States Dep't of Justice,* 231 F.Supp.2d 1, 6, n. 8 (D.D.C. 2002) (Rule 54(b) "addresses interlocutory judgments"), *Moore v. Hartman,* 332 F.Supp.2d 252, 256 (D.D.C. 2004) (explaining that Rule 54(b) governs the disposition of requests for reconsideration of interlocutory orders).

A court considers a motion for reconsideration under Rule 54(b) using the "as justice requires" standard espoused in *Cobell v. Norton*. *See Cobell v. Norton*, 355 F.Supp.2d 531, 539 (D.D.C. 2005); *St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*, 657 F.Supp.2d 243, 247 (D.D.C. 2009). This standard requires "determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." *Id.* Considerations a court may take into account under the "as justice requires" standard include whether the court "patently" misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred. *Singh v. George Washington University,* 383 F.Supp.2d 99, 101 (D.D.C. 2005).

Generally, "[c]ourts should be loathe to [reconsider interlocutory orders] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). Further, the party seeking reconsideration bears the burden of proving that some harm would accompany a denial of the motion to reconsider: "[i]n order for justice to require reconsideration, logically, it must be the case that, some sort of 'injustice' will result if reconsideration is refused. That is, the movant must demonstrate that some harm, legal or at least tangible, would flow from a denial of reconsideration." *Cobell,* 355 F.Supp.2d at 540.

II.     **Plaintiff Has Failed to Establish A Sufficient Basis for Reconsideration**

Plaintiff here challenges two aspects of the Order in his Motion to Reconsider. First, Plaintiff requests that the Court reconsider the portion of the Order denying his Motion to Amend. Plaintiff asserts that his proposed amended complaint was timely filed as of right within the 21 day deadline set forth in Rule 15(a) because Plaintiff took advantage of the prison mail-

3

box rule. (*See* Motion to Reconsider (Doc. No. 14), ¶1). Second, Plaintiff requests that the Court reconsider the portion of the Order denying Plaintiff's Motion to Remand.[1] (*See id.* at ¶2). Plaintiff has cited no case law demonstrating that he is entitled to the relief that he seeks, nor pointed to any injustice or harm that would result from the Court's denial of reconsideration. Simply admonishing that the Court did not "carefully read the Amended Complaint, the Motion to Remand and other documents filed with this Court" falls far short of what he must demonstrate for reconsideration. (*See id.*) In fact, the same arguments that Plaintiff raises in his Motion to Reconsider have already been presented to this Court on a number of occasions in Plaintiff's numerous submissions, identified in his Motion to Reconsider.  (*See* Notice of Compliance (Doc. No. 6); Motion for Court to Take Judicial Notice (Doc. No. 8); Notice of Filing Pertaining to Amended Complaint (Doc. No. 11); Motion to Enter Default (Doc. No. 12); Memorandum in Opposition to Cross-Motion (Doc. No. 13); Motion for Reconsideration (Doc. No. 14)).  Accordingly, this Honorable Court has already considered all of the arguments set forth by the Plaintiff in his Motion to Reconsider and ruled that Plaintiff's Motions to Amend and to Remand must be denied, for the reasons set forth in its Order. (*See* Order (Doc. No. 10)).

Specifically, the Court rejected Plaintiff's proposed amended complaint because "the proposed amendments do not present any new claims or substantially alter the underlying facts of the original complaint but rather are plaintiff's anticipatory responses 'to the possible defenses [defendants] may give in their Answer …'" (*See* Order (Doc. No. 10), p. 3). Because the proposed amendments do not change anything, and certainly do not accomplish what Plaintiff seeks – namely a remand of the action and avoidance of dismissal or a stay, Plaintiff cannot

---

[1] Plaintiff also appears to improperly include arguments directed at Defendants' Cross-Motion to Dismiss or Stay the Action ("Cross-Motion") that more properly belong in an opposition, rather than a motion for reconsideration of an Order that does not address Defendants' Cross-Motion. (See Plaintiff's Motion to Reconsider (Doc. No. 14), ¶2).

4

point to any injustice or harm that would flow from the Court's denial of reconsideration with respect to the Motion to Amend.

Plaintiff similarly fails to establish that the Court's denial of his Motion to Remand, on the basis that "defendants' removal notice was filed timely and in compliance with 28 U.S.C. §§ 1441(b) and 1446," merits reconsideration. (*See* Order, (Doc. No. 10), p. 3). Rather, Plaintiff simply rehashes the same meritless points that were raised therein. (*See* Plaintiff's Motion to Reconsider (Doc. No. 14)). Such repetition alone is woefully insufficient to warrant reconsideration, which requires a movant to establish factors such as the court's patent mistake or decision beyond the issues presented, an error in failing to consider controlling decisions or facts, or a controlling or significant change in the law. *See Singh v. George Washington University,* 383 F.Supp.2d at 101.

Thus, reconsideration is not appropriate where the movant merely revisits the identical factual and legal arguments that were previously considered and properly rejected by a court. *See id.* at 101-02 (internal citations omitted) ("[t]he District court's discretion to reconsider a non-final ruling is, however, limited by the law of the case doctrine and 'subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'"). *See also In re Vitamins Antitrust Litig.*, 2000 WL 34230081, *1 (D.D.C. July 28, 2000) (internal citation and quotations omitted) ("A motion for reconsideration is not an opportunity for a party to improve upon his arguments or try out new arguments; nor is it properly a forum for a party to vent his dissatisfaction with the court's ruling. Rather … there must be a substantial reason why the court should reconsider a prior decision and the movant must set forth facts or law of a strongly convincing nature to induce the court to reverse the prior decision.") Here, Plaintiff has offered no compelling basis,

5

rooted in either fact or law, to demonstrate that he is entitled to reconsideration of the Court's decision to deny his Motion to Remand.

Plaintiff concludes his Motion to Reconsider by appearing to invite the Court to dismiss his action. (*See* Motion to Reconsider (Doc. No. 14)).[2]  As discussed in greater detail in Defendants' Reply, to the extent that the Court dismisses Plaintiff's action, this Court has a sufficient basis to dismiss the action with prejudice and to issue an injunction against Plaintiff's re-litigation of the same or similar claims that have been brought before this Court, against any of the named Defendants without prior leave of this Court to avoid the likelihood that Plaintiff will merely attempt to re-file his action in the Superior Court, in disregard of this Court's jurisdiction over his claims and the court's prior decisions.  (*See* Defendants' Reply (Doc No. 15), § III).

### III.   Even if Plaintiff's Amended Complaint Is Permitted by the Court, It Still Cannot Withstand Dismissal

Plaintiff's proposed amendments, even if permitted, would accomplish nothing.  Plaintiff has failed to present any reasons why his proposed amended complaint does not suffer from the same fatal defects as his initial Complaint, including most significantly, Plaintiff's persistence in purporting to pursue money damages on behalf of himself and third parties (the general public) as a "private attorney general" under the Consumer Protection Procedures Act (CPPA) D.C. Code §28-3901 *et seq*. (*See* Defendants' Cross-Motion (Doc. No. 9), §IV and Reply (Doc. No. 15), §II(b)).   Indeed, this suit is and remains a putative class action, as discussed in

---

[2] Plaintiff advises that "he has no objection if the Court SIGNS the Proposed Order dismissing the action, which Proposed Order was included with defendant's Cross-Motion to Dismiss" but then states, somewhat inconsistently, "…if the Court signs and enters the Proposed Order, then the Court does not have to consider this Motion, except that the Court should amend the Order as it pertains to Rule 15(a) which allow plaintiff the absolute right to amend his pleading". (See Motion to Reconsider (Doc. No. 14)).

Defendants' Notice of Removal (Doc. No. 1); Cross-Motion (Doc. No. 9); and Reply (Doc. No. 15)). Under District of Columbia law, a plaintiff's claim to recover monetary damages on behalf of absent third parties cannot be brought or maintained outside of the class action mechanism of Rule 23. *Margolis v. U-Haul*, Case No. 2007 CA 005245 B, 2009 WL 5788369 (D.C. Super. Ct. Dec. 17, 2009) (dismissing plaintiff's self-styled CPPA claim seeking money damages on behalf of both the plaintiff and the general public).

In addition, as discussed in Defendants' Reply, it is well settled that a court's inherent powers allow the court to take actions reasonably necessary to administer justice efficiently, fairly, and economically and that are essential to the court's existence, dignity, and functions. *Degen v. United States*, 517 U.S. 820, 823 (1996); *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985). Pursuant to that power, the Court may control the disposition of the causes on its docket, as in the case where, as here, a plaintiff's proposed amendment does not add any new claims or materially alter the initial complaint and does not constitute a proper amendment at all, but serves merely to bloat the docket and serve as a basis to continue to try to strong-arm an improper settlement from Defendants. *See id; see also Wyle v. R.J. Reynolds Ind. Inc.*, 709 F.2d 585, 589 (9th Cir.1983) ("courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice"). Certainly, the court's statutory and inherent powers encompass the power to dismiss or strike, *sua sponte*, or enjoin a plaintiff's complaint entirely. *See Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (holding that District court may *sua sponte* enter dismissal for failure to state claim, where claimant cannot possibly win relief.); Fed. R. Civ. P. 12 ("[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or (2) on motion made by a party either before responding to the pleading…);
*Whitehead v. Paramount Pictures Corp.,* 145 F.Supp.2d 3, 5 (D.D.C. 2001) (court ordered that the clerk of the court was not to accept any filings submitted by plaintiff who had filed 23 meritless lawsuits, with the stated intent of extracting nuisance settlements, and who was not deterred by prior sanctions).

Thus, even if this Court permitted Plaintiff's amended complaint, such amendment would have no practical effect and would not alter the fact that Plaintiff's purported CPPA action is, in fact, a putative class action, subject to CAFA, brought by a wholly inadequate class representative that improperly seeks monetary damages, on behalf of absent third parties, without the procedural requirements or protections of Rule 23, and accordingly, must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Reconsideration. However, should the Court grant Plaintiff's Motion for Reconsideration to the extent that Plaintiff's amended complaint is permitted, this Court should simultaneously dismiss Plaintiff's amended complaint for the reasons set forth herein and in Defendants' Cross-Motion to Dismiss or Stay the action and Reply in further support of same.

Dated: July 14, 2010                                                    Respectfully submitted,

                                                                        Dechert LLP

                                                                        /s/ Scott M. Taggart
                                                                        Scott M. Taggart
                                                                        D.C. Bar ID No. 988974
                                                                        1775 I Street, NW
                                                                        Washington DC 20006
                                                                        Tel: (202) 261-3300
                                                                        Fax: (202) 261-3393
                                                                        Attorneys for Defendants

Of Counsel:
SAIBER LLC
James H. Gianninoto (not yet admitted *pro hac vice*)
Una Young Kang (not yet admitted *pro hac vice*)
D.C. Bar ID No. 497833
18 Columbia Turnpike
Suite 200
Florham Park, New Jersey 07932
Tel: (973) 622-3333
Fax: (973) 622-3349

Dechert LLP
Chris Michie (not yet admitted *pro hac vice*)
Suite 500
902 Carnegie Center
Princeton NJ 08540
Tel: (609) 955-3200
Fax: (609) 955-3259

## CERTIFICATE OF SERVICE

I, Scott M. Taggart, Esq., hereby certify that on this July 14, 2010, I electronically filed with the Clerk of the Court the foregoing Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Reconsideration via CM/ECF, and service was effected upon Plaintiff via Federal Express on this same date:

    Owen F. Silvious
    16497077 FCI 2 Butner
    P.O. Box 1500
    Butner, NC 27509

                                                /s/ Scott M. Taggart
                                                Scott M. Taggart
                                                D.C. Bar ID No. 988974