IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

"Let this be filed.

[signature] 5/23/10
John D. Bates            Date
U.S. District Judge"

Leave to file as
"motion to amend"
JDB

OWEN F SILVIOUS
16497077 FCI-2 Butner
PO Box 1500
Butner, NC 27509,

v.                                    Civil Action No.  10-0639(Bates)

UNGAR'S FOOD PRODUCTS INC.,           DC Superior Court No. 0001795-10
d/b/a Dr Praeger's Sensible Foods
9 Boumar Place
Elmwood Park, NJ 07407
and
SENSIBLE FOODS LLC., d/b/a
Dr Praeger's Sensible Foods
9 Boumar Place
Elmwood Park, NJ 07407,

                Defendants.

AMENDED PLEADING(COMPLAINT)

Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedures, plaintiff Owen F Silvious hereby amends the original complaint filed in the Superior Court of the District of Columbia. Except for the following amendments, all other paragraphs of the original complaint remain in effect. This Amended Pleading relates back to the original complaint.

1.  This is an action under the District of Consumer Protection Procedures Act, DC Code 28-3901 et seq., DC Code 28-3905(k)(1), because defendant's violated a "trade practice law" of the District of Columbia, (hereinafter referred to as DC or State), namely defendant's violated DC Code 28-3904 (a), (d) and (e) as more fully stated in this amended pleading. Plaintiff brings this action on behalf of the "general public" as defined in paragraph 13. Plaintiff was a member of the general public. (NOTE:  This is not a class action as that term is defined in 28 USC 1332(d)(1)(B) and 28 USC 1453. This is not an action under any federal statute. The action was not certified as a class action  as required under Rule 23.

2.  Venue is proper in this court because defendant's product's were and are sold in the District of Columbia through wholesaler's, retailer's and defendant's website: www.drpraegers.com.

3. Plaintiff was a "consumer" as that term is broadly defined in DC Code 28-3902(a)(2) during the period stated in paragraphs 5 and 8.

4. Each of the named defendant's was a "merchant" as that term is broadly defined in DC Code 28-3901(a)(3) during the period stated in paragraphs 5 and 8.

5. Plaintiff is a legal resident of the State of Virginia and purchased defendant's product's stated herein in the District of Columbia during the period May 30, 2000 and August 31, 2007, although he only consumed the potato cakes.

6. Defendant Ungar's Food Products Inc., is a corporation organized under the laws of the State of New Jersey. Defendant Sensible Foods LLC is a limited liability company organized under the laws of the State of New Jersey. Both defendant's have their principal place of business at 9 Boumar Place, Elmwood Park, NJ 07407.

7. Both defendant's conduct business throughout the United States, including the District of Columbia through wholesaler's, retail's and their website: www.drpraegers.com.

8. Plaintiff alleges on behalf of the general public, including himself as a member of the general public as defined in paragraph 13, that the following false and misleading statements that appeared on the packages of the products named below sold by defendant's violated a "trade practice law" of the District of Columbia, namely DC Code 28-3904(a), (d) and (e) as follows:

   a. The packaging for Dr Praeger's California Veggie Burgers stated that the product contained 4 grams of fat and 92 calories per serving, when in fact, the Veggie Burgers conntained nearly 9 grams of fat and almost 160 calories per serving.

   b. The packaging for Dr Praeger's Tex-Mex Veggie Burgers stated that the product contained 4 grams of fat and 92 calories per serving, when in fact, the Tex-Mex Burgers contained nearly 9 grams of fat and  almost 160 calories per serving.

   c. The packaging for Dr Praeger's Broccoli Pancakes stated that the product contained 2 grams of fat and 40 calories per serving, when in fact, they contained nearly 4 grams of fat and more than 60 calories per serving.

2

  d. The packaging for Dr Praeger's Potato Pancakes stated that the product contained 2.5 grams of fat and 50 calories per serving, when in fact, they contained nearly 5 grams of fat and more than 60 calories per serving.

  e. The packaging for Dr Praeger's Spinach Pancakes stated that the product contained 2 grams of fat and 40 calories per serving, when in fact, they contained more than 4 grams of fat and more than 60 calories per serving.

  9. Plaintiff alleges that after an independent laboratory (Michelson Laboratoties Inc., of Commerce, California) tested the products, defendant's voluntarily agreed to "recall" 22,744 cases of defendant's products from the market. If defendant's had not voluntarily recalled the products, the Food and Drug Aministration (FDA) would have taken legal action to order the products recalled. The independenttesting discovered that almost all of the amounts stated in the Nutrition Label were out of complaince. After being notified of the findings, the American Heart Association (AHA) conducted it's own testing and confirmed that the amounts stated in the Nutrition Labels were out of colpliance with the maximum 4 grams of total fat per 100 grams required to carry the AHA "Health Check" symbol. Those facts are stated in a "Statement of Hazard" dated 9-7-06 issued by the Health Hazard Evaluation Board, Center for Food Safety and Applied Nutrition. HHS No. 6575 and letter dated September 11, 2006 from the Department of Health and Human Services, Food and Drug Administration, New Jersey Office. This letter was addressed to Dr. Peter Praeger, President, Ungar's Food Products Ins., and was signed by Mr Douglas Ellsworth, District Director, New Jersey District. The letter was Referenced: Recall No. F-313-314-6.

  10. Plaintiff alleges that independent testing of these products which defendant's marketed as foods that contribute to a healthy lifestyle (See Dr Praeger's signed statement on the packaging), that the nutritional information on the products packaging misrepresented the fat and calories of those products in violation of DC Code 28-3904(a), (d) and (e) which states the following:

  "It shall be a violation of this chapter, whether or not any consumer is in fact misled, deceived or damaged thereby for any person to:

3

(a)  represent that the goods or services have a source, sponsorship, approval, certification, accessories, characters, INGREDIENTS, USES, BENEFITS or QUALITIES that they not have;
(d)  represent that the goods or services are of a particular STANDARD, QUALITY, GRADE, style or model, if in fact they are of another;
(e)  misrepresent as to a material fact which has a tendency to mislead.

11. Plaintiff alleges that because defendant's misrepresented the fat and claories content of the products per serving, defendant's violated a "trade practice law" of the District of columbia, namely the District of Columbia Consumer Protection procedures Act, DC Code 28-3904(a), (d) and (e). Actually each package violated the Act six (6) times. 6 violation per package multiplied by 5 products equal = 30 violations of the Act.

12. Plaintiff argues under District of Columbia Consumer Protection Procedures Act, DC Code 28-3901 et seq., and case law interpreting the Act, he does not have to prove he or any member of the general public were actually misled, deceived or damaged. Violaiton of the statute, creates liability against defendant's. Under the current version of the statute, plaintiff on behalf of the general public as defiend herein which he was a member under DC Code 28-3905(k)(1)(A), neither plaintiff or any member of the general public are required to prove that they actually purchased defendant's products. Maybe if plaintiff was proceeding under DC Code 28-3905(k)(a)(E), he might have to prove that he purchased the products. Prior to the amendment to the statute in 2000, a plaintiff had to have suffered an "injury in fact." The DC Council removed that requirement in the 2000 amendment of the statute. Plaintiff discovered the above violations by a Legal Notice published in the USA Today Newspaper dated February 17, 2009. That Legal Notice pertained to a class action that had been filed in the United States District Court for the District of New Jersey. The Legal Notice stated that any person that did not want to be a member of the class could opt-out of the class action by mailing a letter to the law firm stated in the Notice. By letter dated March 20, 2009 (Friday), addressed to the law firm TROUTMAN SANDERS LLP, which was stated in the Legal Notice, plaintiff Opte-Out of that class action as he now does in all indirect purchasers class action because the unnamed class members never receive any benefits from the indirect purchaser class action. He has learned that only the attorney's that file such actions actually receive any real benefit in the form of huge attorney fees if a settlement or judgment is entered against defendant's in those indirect purchaser class actions.

4

13. Plaintiff alleges that the term "general public" as used in this action mean "individuals who were residents of the District of Columbia, individuals that worked in the District of Columbia and individuals who visited the District of Columbia during the period stated in paragraphg 5 and 8. This meaning also includes plaintiff as a member of the general public because plaintiff visited the District of Columbia more than fifty times during that period. Under the statute, neither plaintiff or any member of the general public as defined herein are required to prove that they actually purchased defendant's product's or that they were in fact misled, deceived or damaged by the unlawful trade practice committed by defendant's. DC Code 28-3904. Violation of the Act creates liability against defendant's. The statute, nor any case law pertaining to the statute define the term "general public." The controlling opinion issued by the District of Columbia Court of Appeals, the highest court of the state (DC) and binding on all other courts interpreting the Act is GRAYSON v. AT & T Corp, 980 A 2d 1137(DC Ct of Appeals 2009); See also BREAKMAN v. AOL LLC, 545 F Supp 2d 96(DC DC 2008). Plaintiff does not know how many members of the general public this action may affect.

14. As to the possible defenses defentant's may give in their Answer, plaintiff states the following:

a. He has stated a claim for which relief may be granted in paragraphs 8 thru 11. Plaintiff is only required to give a plain short statement of his claim pursuant to Rule 8 of the Rules of Civil Procedures.

b. Plaintiffs claims are not barred by the statute of limitations because plaintiff did not discover the alleged violations until he read a Legal Notice in the USA Today Newspaper dated February 17, 2009. Under the discovery rule, accural of the action started on that date. Plaintiff filed the action within the three year statute of limitations.Under the Discovery Rule, the statutes of limitations was tolled until plaintiff could have learned of the alleged violations.

c. Plaintiff has standing to bring this action on behalf of the general public pursuant to DC Code 28-3905(k)(a) and GRAYSON v. AT & T quoted herein.

    d.   Under the District of Columbia Consumer Protection Act, DC Code 28-3901 et seq., plaintiff does not have to prove he received any benefit from the products.

    e.   Under DC Code 28-3904, neither plaintiff or any member of the general public are required to prove that he or they suffered any loss or other damage.

    f.   Plaintiff claim is not barred by the doctrine of preemption because no federal statute preempts the District of Columbia Consumer Protection Procedures Act (DCCPPA).

    g.   Under the DCCPPA plaintiff is not required to mitigate damages, if any, because plaintiff does not have to prove any damages. Plaintiff is not claiming any damages in this action.

    h.   Statutory fees under the DCCPPA is not barred by the doctrine of waiver, estoppel, laches or unclean. Neither of these pertain to plaintiff.

    i.   Wehther or not defendant's complied with federal laws or acted in good faith when they manfactured the products, they still violated the DCCPPA as stated in this action.

Plaintiff argues there are no defenses available to defendant's in this action if the attorney's conduct the proper investigation of the matter prior to filing any pleadings in this action.

### RELIEF DEMANDED

15.   Plaintiff alleges that defendant's violated the Act Thirty times because each of the five product packages violated the Act six (6) times. (6 violations per package pultiplied by 5 products equal = 30 violations of the Act).

16.   Plaintiff ask the court to award statutory fees of between $500.00 per violation to $1,500.00 per violation, namely between $15,000 and $45,000 per member of the general public which includes plaintiff as defined in paragraph 13. Plaintiff demands a total of $5 million in statutory fees, plus attorney fees of not less than $500.00 per hour if plaintiff is required to obtain the services of a law firm, plus all costs, fees and expenses of the action and such other relief that the court may deem proper based on the facts of the case. Plaintiff further demand that defendant's be required to pay for any Legal Notice that plaintiff might place in a publication notifying the general public of the action and their right to claim statutory fees under the Act.

6

17. Plaintiff demands judgment be issued against defendants in the amount of $5,000,000.00 in favor of the general public as defined in paragraph 13. Judgment to be issued against each defendant individually and jointly until paid in full.

Respectfully sumitted,

Owen F Silvious
16497077 FCI-2 Butner
PO Box 1500
Butner, NC 27509

Owen F Silvious, Plaintiff

## DECLARATION

I, Owen F Silvious declare under the penalty of perjury that the facts and statements stated in this Amended Pleading (Complaint) are true and correct to the best of my ability.

Executed this 1st day of May 2010 at FCI-2 Butner.

Owen F. Silvious

## CERTIFICATE OF SERVICE

I certify that a copy of this Amended Pleading (Complaint) was served upon the following persons pursuant to Rule 5(b)(i) of the Federal Rule of Civil Procedures by placing the same in the FCI-2 Butner mail system on the 4th day of May 2010. Deposited in mail system at 7:25 pm. 5-4-10.

Scott Taggart, Esq.
DECHERT LLP
1775 I Street, NW
Washington, DC 20006

Una Young Kang, Esq.
SEIBER LLC
18 Columbia Turnpike, Ste 200
Florham Park, NJ 07932

Owen F Silvious