UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Owen F. Silvious,

Plaintiff,

v.

Ungar's Food Products Inc., *et al.*,

Defendants.

Civil Action No.  10-0639 (JDB)

MEMORANDUM OPINION

In this civil action removed from the Superior Court of the District of Columbia, plaintiff, proceeding *pro se*, sues two New Jersey-based food product companies under the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code § 38-3901 *et seq*.  He claims "on behalf of the general public, including himself" that defendants made "false and misleading statements" on the package labels of certain products sold between May 30, 2000 and August 31, 2007.  Am. Compl. [Dkt. No. 19] ¶ 8.  Plaintiff alleges that "he only consumed the potato cakes" during that time period, *id*. ¶ 5, but he seeks $5 million in monetary damages "in favor of the general public," *id*. ¶ 17.  Plaintiff defines the general public as anyone who resided in, worked in or visited the District of Columbia during the relevant time period.  *Id*. ¶ 13.

Defendants move to dismiss or to stay this action pending the conclusion of *Elias v. Ungar's Food Products, Inc.*, Civ. Action No. 06-2448 (KSH), a class action in the United States District Court for the District of New Jersey.  Upon consideration of the parties' submissions, and in the interest of judicial comity, the Court will grant defendants' motion to dismiss.

Defendants properly removed this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).[1]  *See* Order of June 22, 2010 [Dkt. No. 10].  They now seek to dismiss the case or to stay these proceedings because the allegations of the current complaint are substantially the same as those supporting the nationwide class action pending since May 2006 in the District of New Jersey.  The *Elias* class consists of "[a]ll persons in the United States" who purchased the same products that are the subject of plaintiff's complaint.  *See* Notice of Removal [Dkt. 1], Ex. C (Class Notice); *see also* Am. Compl. ¶ 8.  Although plaintiff alleges that he opted out of the *Elias* class, Am. Compl. ¶ 12, he has provided no documentation to refute defendants' evidence to the contrary.  *See* Defs.' Reply Mem. of P. & A. in Further Support of Cross-Motion to Dismiss or Stay the Action and in Opp'n to Pl.'s Request for Default, Ex. A (Reply Certification of James H. Gianninoto ¶ 3).  Moreover, even if plaintiff had opted out of the class, he cannot press claims, as he does here, on behalf of anyone else.  *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel. . . ."); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (noting that a lay person cannot appear as counsel for others); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.") (citation omitted).

---

[1] Plaintiff contends that this action is not a class action, but his allegations and demand for relief belie this contention.  Moreover, plaintiff admits that he "discovered the [claimed] violations by a Legal Notice published in the USA Today Newspaper dated February 17, 2009," Am. Compl. ¶ 12, and hence defendants correctly characterize this action as a "copycat" *Elias* action.  Defs.' Statement of P. & A. in Opp'n to Pl.'s Mot. to Remand and in Support of Cross-Mot. to Dismiss or Stay the Action [Dkt. No. 9] at 1.

"As between federal district courts, [] though no precise rule has evolved, the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 817 (1976) (citations omitted); *see Nat'l Family Planning and Reproductive Health Ass'n v. Sullivan*, 1991 WL 345629 * 2 (D.D.C., Oct. 5, 1992) ("This principle of judicial comity is derived from the policies favoring the conservation of judicial resources as well as providing for the comprehensive disposition of litigation before the federal courts.") (citations omitted). Moreover, plaintiff has made it clear that this Court is not his choice of forum. *See* Pl.'s Motion to Remand [Dkt. No. 7]; Pl.'s Reply to Defs.' Cross-Motion to Dismiss or Stay the Action at 7 (seeking immediate remand to Superior Court "because plaintiff has only stated a cause of action under state law and the action was not filed as a putative or purported class action").

Hence, plaintiff cannot proceed on behalf of a class, this Court will avoid duplicative litigation by deferring to another federal court, and plaintiff only has non-federal claims on his own behalf. Under those circumstances, plaintiff cannot proceed with <u>this case</u> in any event, and will not be allowed to proceed here on a reconstructed complaint. Therefore, the Court will grant defendants' motion to dismiss but will dismiss the case without prejudice.[2] A separate Order accompanies this Memorandum Opinion.

                                                        s/
                                          JOHN D. BATES
Dated: August 24, 2010               United States District Judge

---

[2] Defendants also seek an order enjoining plaintiff from filing further actions, *see* Defs.' Reply at 13-15, but plaintiff has not filed any actions in this Court, and this Court lacks authority to bar him from filing cases in Superior Court.